

Wally Zimolong, Esq.
Admitted in PA & NJ
Wally@ZimolongLaw.com

March 3, 2026

Via ECF System
Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

  Re: Doe v. Pine-Richland School District
     No. 24-3348

To the Court:

  I represent the appellant, Jane Doe. Pursuant to Federal Rule of Appellate Procedure 28(j). I write to advise the Court of pertinent and significant authority issued after oral argument but before a decision from this Court. Appellant brings to the Court's attention *Mirabelli v. Bonta*, 607 U.S. ___ (2026). The United States Supreme Court issued its *per curiam* order on March 2, 2026.

  *Mirabelli* involves a challenge to an identical policy before this Court. *Id.* at *1. The Court vacated the Ninth Circuit's order staying a preliminary injunction entered in favor of the plaintiffs-appellants. *Id.* Critically, the Court held that the plaintiffs-appellants were likely to succeed on their substantive due process claim because "under long-established precedent, parents – not the State – have primary authority with respect to the 'upbringing of and education of children. *Id.* at *3, (*quoting Pierce v. Society of Sisters*, 268 U.S. 510, 534-535 (1925)). The Court further held "the right protected by these precedents includes the right not to be shut out of participation in decisions regarding their children's mental health." *Id.*, (quoting *Parham v. J.R.* 442 U.S. 584, 602 (1979). The Court explained:

> "Gender dysphoria is a condition that has an important bearing on a child's mental health, but when a child exhibits symptoms of gender dysphoria at school, California's policies conceal that information from parents and facilitate a degree of gender transition during school hours.


Wally Zimolong, Esq.
Admitted in PA & NJ
Wally@ZimolongLaw.com

These policies likely violate parents' rights to direct the upbringing and education of their children."

*Id.*

Doe makes these precise arguments and relies on identical precedent. Appellant's Br., ECF No. 17, at 24-38. Moreover, the Court held that "the parents protected by the injunction very likely have standing *because they are the object of the challenged exclusion policies.*" *Id.* at *3 (emphasis added). Doe makes this exact argument. Reply Br., ECF No. 26, at 3 (citation omitted) ("an injury need not be actualized where, as here, the government action is directed to the plaintiff or where the plaintiff is 'the object of the scheme'")

We stand ready to answer any questions from the Court.

Respectfully,

Wally Zimolong, Esquire

cc: All counsel of record (via ecf)