

Christina L. Lane, Esq.
412-242-4400, Ext. 131
cll@mbm-law.net

March 5, 2026

**Via ECF System**
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

RE: **Appellant's Notice of Supplemental Authority, App. R. Proc. 28(j)**
*Jane Doe v. Pine-Richland School District*, **Case No.: 24-3348**

To the Court:

The undersigned, Christina L. Lane representing the Appellee, Pine-Richland School District hereby submits this response to Appellant's Notice of Supplemental Authority

The *Mirabelli* case is distinguishable from the matter before this Honorable Court. The *Mirabelli* parents objected to the policy which prevented California schools from telling them about their children's efforts to engage in gender transitioning at school unless the children consented. The Plaintiffs Poe and Doe had children that the policy in question was applied to while they transitioned. In the matter before this Honorable Court, the minor student never questioned gender or sought protection under the policy.

The California District Court granted a permanent injunction against the enforcement of the policy in favor of Plaintiffs. The Ninth Circuit Court of Appeals issued an order of stay pending disposition of the appeal. The Plaintiffs submitted an emergency request to the United States Supreme Court requesting vacation of the stay which was granted. The disposition of the substantive legal issues remains before the Ninth Circuit Court of Appeals.

The Ninth Circuit Court of Appeals questioned the validity of the lower court's permanent injunction on procedural grounds. The Per Curiam opinion addressed the Ninth's Circuit's concerns as unlikely to prevail as "the *parents protected by the injunction* very likely have standing because *they are objects* of the challenged exclusion policies." *Mirabelli v. Bonta*, 607 U.S. ___ (2026), Per Curiam opinion, DE44-2 p. 6 (emphasis supplied).

In the instant matter, Doe's action was dismissed because Doe lacked the injury required and was not an object of the Appellee policy. Justice Barrett's concurrence in *Mirabelli* cautions against Appellant's suggestion that anything other than a "preliminary" assessment of the Court on the

A Firm Commitment to You

Maiello Brungo & Maiello, LLP
Southside Works • 424 South 27th Street, Suite 210 • Pittsburgh, PA 15203
PH: 412.242.4400 • www.mbm-law.net

Office of the Clerk
United States Court of Appeals for the Third Circuit
March 5, 2026
Page 2

substantive issues is offered by the vacatur of the stay. *Mirabelli v. Bonta*, 607 U.S. ___ (2026) Justice Barrett, concurrence, DE44-2 p. 10.

The United States Supreme Court's grant of interim relief is not a decision on the merits and does not address the issue before this Honorable Court, that of standing, in a manner consistent with the interpretations put forth to this Court by counsel for Appellee.

Respectfully,

Christina L. Lane

cc: All Counsel of Record (via ECF System)